[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-15260
Non-Argument Calendar
_____

D.C. Docket No. 3:14-cv-01161-TJC-JRK


ANDRAS MAHOLANYI,

Plaintiff-Appellant,

versus

SAFETOUCH OF TAMPA, INC.,
d.b.a. Safe Touch Security Systems,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(April 26, 2017)

Before MARCUS, WILLIAM PRYOR and JORDAN, Circuit Judges.

PER CURIAM:

Andras Maholanyi appeals the summary judgment against his complaint of wrongful termination by SafeTouch of Tampa, Inc., in violation of the Age Discrimination in Employment Act, 29 U.S.C. §§ 621–34, and the Florida Civil Rights Act, Fla. Stat. §§ 760.01–.11. The district court ruled that there were no genuine issues of material fact about whether Maholanyi's termination was nondiscriminatory. We affirm.

The Age Discrimination Act and the Florida Civil Rights Act prohibit an employer from discharging an individual because of his age. *See* 29 U.S.C. § 623(a)(1); Fla. Stat. § 760.10(1)(a); *see also* 29 U.S.C. § 631(a) (stating that the ADEA protects individuals who are at least 40 years of age). We evaluate actions under the federal and state antidiscrimination statutes using the same framework. *Mazzeo v. Color Resolutions Int'l, LLC*, 746 F.3d 1264, 1266 (11th Cir. 2014). Because the district court concluded that Maholanyi established a prima facie case of discrimination, we review *de novo* whether the reasons proffered for his termination were merely pretexts for discrimination. *See Furcron v. Mail Ctrs. Plus, LLC*, 843 F.3d 1295, 1313 (11th Cir. 2016).

SafeTouch presented evidence that it had legitimate, nondiscriminatory reasons for firing Maholanyi. The owner, management, and employees of SafeTouch testified that sales of its security systems declined after Maholanyi became the manager of its Tampa branch office. Maholanyi's supervisors and

2

salesmen also testified that they were unable to contact him by telephone, he was unprepared and often late for work, and he failed to conduct sales meetings.

Maholanyi failed to create a genuine factual dispute about the legitimacy of those reasons. To prove pretext, Maholanyi had to prove there were "such weaknesses, implausibilities, inconsistencies, incoherencies or contradictions in [his] employer's proffered legitimate reasons for its actions that a reasonable factfinder could find them unworthy of credence." *Furcron*, 843 F.3d at 1313 (quoting *Vessels v. Atlanta Indep. Sch. Sys.*, 408 F.3d 763, 771 (11th Cir. 2005)). Maholanyi argues that he was not disciplined and he received bonuses and a raise, but undisputed evidence established that the marketing manager had to assist Maholanyi on several occasions; that SafeTouch did not "writ[e] up branch managers"; and that remuneration was based on branch revenues instead of sales. *See id.* at 1313–14; *Wascura v. City of S. Miami*, 257 F.3d 1238, 1245 (11th Cir. 2001) (rejecting an employee's argument that "the lack of documentary evidence of any complaints concerning her performance" proved pretext because "it [was] undisputed that there was no formal review process" for the job position). Maholanyi also argues that the general manager fired him before receiving sales figures, but the manager testified that he used computer software to calculate sales figures "well in advance," which revealed that Maholanyi's branch was "going to be exceptionally low." Maholanyi recounts age-related remarks made by one

3

supervisor, but Maholanyi testified that the supervisor made "snide" or "vulgar" remarks to everyone during meetings and "it was [his] turn" when the remarks were directed at him. *See Steger v. Gen. Elec. Co.*, 318 F.3d 1066, 1079 (11th Cir. 2003) ("[S]tatements by nondecisionmakers, or statements by decisionmakers unrelated to the decisional process at issue will not satisfy the employee's burden" of proving pretext.). "Conclusory allegations of discrimination, without more, are not sufficient to raise an inference of pretext," *Furcron*, 843 F.3d at 1313, and Maholanyi admitted that his age was "the best [reason he] could come up with" to explain his termination.

The district court did not err by granting summary judgment against Maholanyi's complaint of discrimination based on his age. Maholanyi failed to present evidence that the reasons proffered by SafeTouch were pretextual. The evidence did not establish a genuine factual dispute about whether the reasons for Maholanyi's termination were nondiscriminatory or legitimate.

We **AFFIRM** the summary judgment in favor of SafeTouch.